*Nov. Term, 1859.*

WATERS
v.
SALTMARSH.

---

## WATERS *v.* SALTMARSH.

APPEAL from the *Dearborn* Court of Common Pleas.

*Per Curiam.*—Action by *Saltmarsh* against *Waters*, to recover the value of thirty ounces of gold dust, deposited by the plaintiff with the defendant, in *California*, in the year 1850.

Answer in denial; also, the statutes of limitations of *California*, and of this state.

*Friday, December 16.*

Nov. Term,
1859.

Replication; trial; verdict and judgment for the plaintiff, over a motion for a new trial.

Several errors are assigned, relating to the charges given and refused, and the ruling of the Court on the motion for a new trial.

A bill of exceptions was filed, which set out the evidence offered in the cause; but it does not, in compliance with rule 30, state that "this was all the evidence given in the cause." This statement, in the language of the rule, is "technical and indispensable to repel the presumption of other evidence." *Vide Beard* v. *The First Presbyterian Church of Peru*, 10 Ind. R. 568.

In this particular case, it is apparent, from the bill of exceptions itself, that there was evidence not contained in it, as it states that "the defendant offered in evidence the statute of limitations in the revised statutes of *California* for the years 1850 and 1853." No such statutes are set out, or in any manner contained, in the bill of exceptions.

The evidence not being before us, we must presume that the charges refused, if abstractly correct, were not applicable to the case made by the evidence. We do not perceive that the charges given are erroneous, as applied to any case that might have been made by the evidence under the issues.

For the same reason, we must presume that the motion for a new trial was correctly overruled.

The judgment is affirmed with 5 per cent. damages and costs.

*S. S. Harding*, for the appellant.

*P. L. Spooner*, for the appellee.